IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23CV831-GCM

| PRISCILLA PHILPOT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Commissioner's Motion to Dismiss, or in the alternative, for Summary Judgment, filed April 5, 2024. (Doc. No. 7). The Plaintiff has filed a response in opposition. (Doc. No. 8).

### I. BACKGROUND

Plaintiff filed her pro se Complaint on December 5, 2023, seeking a review of a decision of the Commissioner. It appears that Plaintiff was found to be disabled as of December 7, 2007, in a decision issued by an Administrative Law Judge ("ALJ") in October of 2009.[1] Thereafter, Plaintiff received notice that she had been overpaid benefits. Plaintiff disputed the overpayment, but an ALJ declined to waive it an October 22, 2021, decision. Plaintiff sought review of that unfavorable decision and on April 12, 2023, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ to hold a new hearing, resolve the outstanding factual issues, and

---

[1] The Defendant has attached to its Motion a Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, who has reviewed the documents maintained by the Social Security Administration relating to the claim of Ms. Philpot. Attached to the Declaration are several exhibits, including the original favorable decision issued October 14, 2009, the October 22, 2021, decision finding that overpayment is not waived, and the April 12, 2023, decision of the Appeals Council remanding the case to the ALJ. These documents and the Declaration are all properly considered by the Court in a 12(b)(6) motion because they are all "integral to the complaint and authentic." *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

issue a new decision. Prior to that new hearing taking place, Plaintiff filed her Complaint in this Court. (Doc. No. 1). Defendant now seeks to dismiss the Complaint because Plaintiff has not exhausted her administrative remedies and there is no "final decision" as required to obtain judicial review under the Social Security Act. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3).

## II. DISCUSSION

Judicial review of claims arising under the Social Security Act must be in accordance with 42 U.S.C. § 405(g), which authorizes judicial review only after a claimant has obtained a final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days . . . ."). "By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." *L.N.P. v. Kijakazi*, 64 F.4th 577, 583 (4th Cir. 2023). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (citations omitted); *see also L.N.P.*, 64 F.4th at 584 ("The exhaustion requirement was designed to let SSA process claims in accordance with its complex procedures and apply its expertise before authorizing judicial review."). Thus, a Social Security claimant may not obtain judicial review under section 405(g) until she obtains a final decision from the Commissioner, and she does not receive a final decision until she has exhausted administrative remedies.

In her Complaint, Plaintiff acknowledged that her administrative appeal (to the Appeals Council) was "[f]inalized" on April 12, 2023, with a remand for further administrative proceedings, including a 2024 hearing. *See* Doc. No. 1 at 3. Continued pursuit of Plaintiff's claim at the administrative level might result in a determination in her favor. If it does not, Plaintiff may seek judicial review of the unfavorable final decision with a complete administrative record. Until then, a civil action is premature.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for failure to exhaust administrative remedies is hereby GRANTED.

Signed: May 31, 2024

Graham C. Mullen
United States District Judge